**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NUYGUNDI FRECKLETON,** *Plaintiff* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 26-CV-5560** |
| **MONTGOMERY COUNTY EMERGENCY SERVICE, INC.,** *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J. OCTOBER 7, 2026

Plaintiff Nuygundi Freckleton, proceeding *pro se*, brings this civil action pursuant to the Americans With Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), and Pennsylvania Human Relations Act ("PHRA") against her former employer, Montgomery County Emergency Service ("MCES"). She seeks leave to proceed *in forma pauperis*. For the reasons set forth, Freckleton is granted leave to proceed *in forma pauperis.* Her Complaint is, however, dismissed on statutory screening pursuant to 28 U.S.C. § 1915.

## I. FACTUAL ALLEGATIONS[1]

Freckleton alleges that she began working for MCES as an emergency medical technician ("EMT") on September 18, 2023, when she was 50 years old. (Compl. ¶¶ 9, 12.) She started working part-time but was switched to full-time employment during her probationary period. (*Id.* ¶ 10.) Freckleton's supervisor was Damian Johnson, Ambulance Services Coordinator. (*Id.* ¶ 11.) During the relevant time period, Freckleton had an anxiety disorder "that affected major life

[1] The facts set forth in this Memorandum are taken from Freckleton's Complaint (ECF No. 2), including the attached exhibits. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

activities, including concentrating, sleeping, communicating, and working." (*Id.* ¶ 13.) She asserts that MCES "knew of [her] anxiety and related symptoms." (*Id.*) Freckleton alleges that "[d]uring her employment, [she] experienced repeated harassment by coworker Marlene Seamon." (*Id.* ¶ 14.) However, she does not specify the nature of the harassment. On an unspecified date, Freckleton "reported the harassment and workplace treatment to Damian Johnson and management and sought intervention." (*Id.* ¶ 15.) Plaintiff does not allege what response, if any, she received from her supervisor and management to her report of harassment.

Freckleton alleges that on November 12, 2023, "a workplace incident occurred involving Seamon and an ambulance assignment. MCES later characterized the incident as [Freckleton] refusing a patient transport. [She] disputes that characterization and alleges that the circumstances and Seamon's conduct were not fully investigated."[2] (*Id.* ¶ 16.) Shortly after the November 12, 2023 incident, Johnson and Chief Operating Officer Byanka Meacham verbally terminated Freckleton, who was still within her probationary period, while Seamon was subject to unspecified "lesser discipline." (*Id.* ¶¶ 17-18.) Freckleton "alleges that her disability, age, complaints of harassment, and opposition to discriminatory treatment were motivating and determinative factors in the unequal discipline and termination." (*Id.* ¶ 20.) She asserts the following claims: (1) employment discrimination under the ADA; (2) age discrimination under the ADEA; (3) retaliation under the ADA, ADEA, and PHRA; and (4) age and disability discrimination under the PHRA. (*Id.* at 4-5.) She seeks back pay, lost benefits, reinstatement or front pay, compensatory damages, liquidated damages, punitive damages, and costs. (*Id.* at 5.)

[2] Freckleton does not describe the incident further. She attaches to the Complaint a copy of a March 19, 2026 letter from the Pennsylvania Human Relations Commission, which describes, in part, Freckleton's allegations regarding the November 13, 2023 incident and a possible nexus to her anxiety disorder. (*See* Compl. at 10.) However, the letter also notes disputes of fact between Freckleton and MCES regarding what happened and when and, therefore, the letter does little to clarify the factual basis for her claims.

## II. STANDARD OF REVIEW

The Court will grant Freckleton leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Freckleton's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Freckleton is proceeding *pro se*, the Court also construes her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*)

("While a court must liberally construe the allegations . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

### A. ADA Claims

Freckleton asserts employment discrimination and retaliation claims under the ADA. To state a claim for employment discrimination under the ADA, a plaintiff must allege that she has a disability within the meaning of the ADA, she was '"otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer[;]' and she 'suffered an otherwise adverse employment decision as a result of discrimination.'" *Morgan v. Allison Crane & Rigging LLC*, No. 23-1747, 2024 WL 4033125, at *3 (3d Cir. Sept. 4, 2024) (quoting *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020)). Individuals are disabled within the meaning of the ADA if they: (1) have '"a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Id.* (quoting 42 U.S.C. § 12102(1)). Major life activities include, *inter alia*, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working, and impairment of the operation of a major bodily function. § 12102(2)(A), (B). Disability discrimination claims under the Pennsylvania Human Relations Act ("PHRA") are interpreted coextensively with their federal counterparts. *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts").

The ADA's anti-retaliation provision indicates, in its relevant part, that "no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA]" and that it is unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." 42 U.S.C. § 12203(a) and (b). To plausibly allege an ADA retaliation claim, "[a] plaintiff may establish a causal link with unusually suggestive temporal proximity, a pattern of antagonism coupled with timing, or from inferences gleaned from the record as a whole." *Williams v. Scranton Counseling Ctr.*, No. 25-1563, 2026 WL 2447146, at *6 (M.D. Pa. Aug. 20, 2026) (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).

**1. Employment Discrimination**

Freckleton's employment discrimination claims are not plausible. She asserts that she has an anxiety disorder, that MCES knew about her disorder, and that she was qualified to perform the essential functions of her role as an EMT, with or without accommodation. However, the allegation that MCES "terminated her because of [her] disability and/or perceived disability" (Compl. ¶ 25) is entirely conclusory. There are no facts suggesting that Freckleton's disability played any role in the November 12, 2023 incident or in the decision to fire her. Without more, her ADA employment discrimination claim is not plausible and will be dismissed. *See Sryfi v. Trs. of Univ. of Pennsylvania*, No. 24-567, 2025 WL 590337, at *5 (E.D. Pa. Feb. 24, 2025) (dismissing ADA employment discrimination claim where plaintiff's complaint "does not allege facts that would show that [the employer's adverse employment actions] had anything to do with [plaintiff's] disability" and noting that "even if the decisionmakers behind Plaintiff's . . .

termination were aware of his disability, mere awareness of a disability does not create an inference of discrimination.'" (quoting *Drummer v. Trustees of Univ. of Pa.*, 286 F. Supp. 3d 674, 683 (E.D. Pa. 2017))). However, the Court will grant Freckleton leave to amend her complaint if she can allege additional facts sufficient to meet the standard set forth above.

**2. Retaliation**

Freckleton's disability-based retaliation claims are also not plausible. Freckleton asserts that she "experienced repeated harassment" by Marlene Seamon, and that she "reported the harassment and workplace treatment" to her supervisor and management. (Compl. ¶¶ 14-15.) Freckleton does not specify the nature of the harassment she suffered or reported. Absent any facts suggesting that she reported conduct that was prohibited by the ADA, Freckleton fails to allege protected activity under the ADA. *See, e.g.*, *Bauer v. Ctr. for Animal Health & Welfare*, No. 24-4744, 2024 WL 4137321, at *2 (E.D. Pa. Sept. 10, 2024) (dismissing ADA retaliation claim where plaintiff "asserts she reported 'illegal activity' by a board member [but] she does not describe to whom she reported it, [nor allege] that she complained specifically about unlawful disability discrimination, or how the illegal activity involved conduct protected by the ADA, so as to allege a causal link between protected conduct and an adverse employment action."). Freckleton also does not allege when she engaged in the purported protected activity, without which the Court cannot infer that the timing of her subsequent termination was suggestive of retaliatory animus. For the foregoing reasons, Freckleton's disability-based retaliation claims will be dismissed, but she will be granted leave to amend if she can cure the deficiencies noted by the Court.

### B. ADEA Claims

#### 1. Employment Discrimination

Freckleton asserts that MCES terminated her employment based, in part, on her age. The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[3] 29 U.S.C. § 623(a). To state a claim of age discrimination, a plaintiff usually alleges that "(1) [she] is at least forty years old; (2) [she] suffered an adverse employment decision; (3) [she] was qualified for the position in question; and (4) [she] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)); *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (explaining that "[t]o defeat a motion to dismiss, it is sufficient to allege a *prima facie* case" but that a "complaint need only allege enough facts to raise a reasonable expectation that discovery will reveal evidence of each necessary element" to state an ADEA claim (citation modified)). While Freckleton pleads facts sufficient to meet the first three elements of an ADEA claim, she does not allege any facts suggesting that she was ultimately replaced by a younger employee or

[3] The PHRA similarly makes it unlawful "[f]or any employer because of . . . age . . . to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual . . . or to otherwise discriminate against such individual . . . with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual is the best able and most competent to perform the services required." 43 Pa. Cons. Stat. § 955(a). The United States Court of Appeals for the Third Circuit has noted some distinctions in the causation analysis between the ADEA and PHRA, *see Kern v. DAS Companies Inc.*, No. 24-2420, 2025 WL 2170324, at *4 (3d Cir. July 31, 2025), however claims brought under the two statutes are otherwise analyzed coextensively, *see Cobetto v. Wyeth Pharms.*, 619 F. Supp. 2d 142, 152 (W.D. Pa. 2007) ("Generally speaking, the Pennsylvania courts interpret the PHRA in accordance with Title VII and the ADEA." (citing *Kelly*, 94 F.3d at 105)). The Court therefore considers Freckleton's PHRA age discrimination claims under the same analysis as her ADEA claims.

that her termination was in any way linked to her age, so as to support an inference of a discriminatory motive. She alleges that, "Defendant subjected [her] to unequal discipline and terminated her because of her age" and that "[b]us for [her] age, Defendant would not have subjected her to the same adverse treatment." (Compl. ¶¶ 29-30.) These conclusory statements, unsupported by any facts, are insufficient to plausibly allege age-based discrimination under the ADEA. *See Marsh v. Union R.R. Co., LLC*, No. 20-1145, 2022 WL 4185270, at *8 (W.D. Pa. Sept. 12, 2022) (dismissing ADEA claim where "Plaintiff does not allege any non-conclusory facts to show that his age 'actually motivated the employer's decision' *to terminate him*" (quoting *Hazen Paper v. Biggins*, 507 U.S. 604, 610-11 (1993))). This claim will therefore be dismissed without prejudice.

**2. Retaliation**

Freckleton also asserts a retaliation cause of action under the ADEA. To plead a retaliation claim under the ADEA, a plaintiff must allege that (1) plaintiff engaged in an ADEA-protected activity; (2) defendant took an adverse employment action against plaintiff after plaintiff's protected activity; and (3) a causal relationship exists between plaintiff's protected activity and defendant's adverse employment action. *Urey v. Grove City Coll.*, 94 F. App'x 79, 81 (3d Cir. 2004). As with Freckleton's ADA retaliation claim, her ADEA retaliation claim is not plausible because she fails to allege that she engaged in protected activity within the meaning of the statute. She alleges having reported "harassment and workplace treatment" to her supervisor and management, but does not allege that she complained of any conduct prohibited by the ADEA. She also does not specify the timing of her purported protected activity so as to support an inference of unusually suggestive timing. Freckleton's ADEA retaliation claim is therefore not plausible and will be dismissed, however the Court will grant her leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Freckleton's Complaint is dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Plaintiff will be granted leave to amend if she can cure the deficiencies noted by the Court. An Order follows, containing additional information as to amendment.

*NITZA I. QUIÑONES ALEJANDRO, J.*